Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of CHARLES E. HOOPER, Administrator, etc., of MARY ABRAHAM, Deceased, Respondent, for Compensation under the Workmen's Compensation Law, v. SAUQUOIT SPINNING COMPANY, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance, Carrier, Appellants.— Motion denied.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of KATHERINE ANTHUS, Respondent, for Compensation Arising Out of the Death of PAUL ANTHUS, under the Workmen's Compensation Law, v. THE RAIL JOINT COMPANY, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.— Motion granted.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of ANNA ERTEL, the Surviving Wife of CHARLES ERTEL, Deceased, Appellant, for Compensation under the Workmen's Compensation Law, v. JOHN FEIST SONS COMPANY, Employer, and LUMBER MUTUAL INSURANCE COMPANY, Insurance Carrier, Respondents.— Motion denied, with leave to renew if so advised.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim for Compensation under the Workmen's Compensation Law, Made by DORA RATTNER, Widow, on Behalf of Herself and Dependent Children under the Age of Eighteen Years, on Account of the Death of CHARLES D. RATTNER, Deceased, v. DAVID SCHIFF, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Insurance Carrier, Respondents.— Motion denied, without costs, with leave to renew if so advised.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of MARY HLUBOKY, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of CHARLES HLUBOKY, v. PAUL KOPITZ, Employer, and MARYLAND CASUALTY COMPANY, Insurance Carrier, Appellants.— Award affirmed. All concur, except Cochrane, J., dissenting.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of JOHN J. TAFT, Respondent, for Compensation under the Workmen's Compensation Law, v. CHAMPLAIN SILK MILLS, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.— The average weekly wage was found to be twenty-two dollars and four cents, the amount which the employer stipulated. In making its computation the Commission allowed fifteen dollars per week. Two-thirds of twenty-two dollars and four cents is fourteen dollars and seventy cents which should be the weekly compensation and to that amount the award should be reduced. With this modification the award is affirmed. All concur.